**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| DERRICO DONTA HOLLAND, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CR613-009 |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Derrico Donta Holland pleaded guilty to one count of possession of a firearm by a convicted felon, as an armed career criminal.   Doc. 35 at 1 (Judgment).   He did not appeal.   *See generally* docket.   He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in September 2014.   Doc. 37.   Judgment was entered denying the motion in November 2014.   Doc. 44.   In 2016, Holland sought leave to file a second or successive § 2255 motion, and the Court of Appeals denied his request.   Doc. 46.   He has now filed another § 2255 motion,[1]

---

[1]   The Court notes that Holland has failed to submit his Motion on the form, generally required by the Rules.   *See* Rule 2(c), Rules Governing Section 2255 Proceedings.   Among other information, that form would have required Holland to disclose the prior proceedings.   Regardless of Holland's omission, as discussed below, it is clear that the instant Motion is unauthorized and second or successive.

1

challenging the constitutionality of his conviction.   *See generally* doc. 49. He also requests appointed counsel.   *See id.* at 2.   For the reasons explained below, his request for appointed counsel is **DENIED**.   Doc. 49, in part.   Because his motion is successive and he has not secured the necessary permission from the Court of Appeals, this Court lacks jurisdiction to consider it.   *See, e.g.,* Rule 4(b), Rules Governing Section 2255 Proceedings.

Holland seeks appointed counsel "pursuant to 18 U.S.C. § 3006A . . . and the Sixth and Fourteenth Amendments to the US Constitution." Doc. 49 at 2.   There is, however, no constitutional right to counsel in habeas proceedings.   *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (there is no constitutional right to counsel when collaterally attacking a conviction or sentence); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel).   The Court *may* appoint counsel, pursuant to 18 U.S.C. § 3006A(a)(2)(B), for indigent movants seeking § 2255 relief, at the Court's discretion.   *See id.* ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided

for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28.").   Appointment of counsel is appropriate only in "exceptional circumstances," *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992), where appointment is "necessary to due process."   *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted); DONALD E. WILKES, JR., *Federal Postconviction Remedies & Relief* § 2.2 (July 2020) ("Except in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," counsel need not be appointed).   This case does not present any such circumstances.   Accordingly, Holland's Motion to Appoint Counsel is **DENIED**.   Doc. 49, in part.

"Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in § 2244 . . . .").   "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."   *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)).

3

"[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (explaining that a dismissal without prejudice for being an unauthorized, successive motion is not a judgment on the merits for the purpose of determining that a later petition is successive). Holland must be aware of his obligation to seek leave, as he has done so before. *See* doc. 46. There is no indication that he even sought, much less received, leave from the Court of Appeals before filing the instant Motion. *See generally* docket.

Since Holland's motion is successive, and was not authorized by the Court of Appeals, it should be **DISMISSED**. Doc. 49, in part. Civil action CV624-002 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 22nd day of January, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6